## WOODS v. THE STATE.

CRIMINAL LAW. *Practice. Attorney General. Pro tem.* While a conviction would be void based upon an indictment signed and preferred by a person acting as Attorney General *pro tem*, without being regularly appointed, yet, under sec. 5242 of the Code, no reversal can be had for such error where the prisoner has submitted to a regular trial below without objection. Under such circumstances the Supreme Court will presume, in the absence of anything to the contrary, that the appointment was regularly made.

Code cited: Sec. 2542.

FROM SHELBY.

From the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No counsel marked for defendant.

Woods *v.* The State.

McFARLAND, J., delivered the opinion of the court.

The prisoner appeals from the judgment of the Criminal Court at Memphis upon a conviction for horse stealing. No bill of exceptions was taken, and the only question made is that the indictment is signed by S. R. Gammon, Attorney General *pro tem,* and the record does not show his appointment, or the existence of the reasons for his appointment.

Previous to the act of 1851–2, this had been held a fatal defect. But by the Code, which is the substance of the act of 1851–2, it is enacted: Sec. 5242. "Where a person indicted or prosecuted for a criminal offense is arraigned before a court having jurisdiction of the matter, and pleads not guilty, and is tried upon the merits and convicted, he shall not be entitled to a new trial, or to an arrest, or to a reversal of the judgment, for any of the following causes." After specifying several other causes, is the following subsec. 8: "Because the indictment was drawn by an Attorney General *pro tem,* and the clerk omitted to enter his appointment upon the minutes of the court." This provision is comprehensive, and this case falls directly within the provision. The prisoner was indicted, arraigned, pleaded not guilty, was tried upon the merits, and was convicted, and appeals to this court.

It is, no doubt, clear that an indictment drawn, signed, and preferred by one who professed to act as an Attorney General *pro tem,* but who had, in fact, not been regularly appointed as such, would be a

nullity, and a conviction thereon wholly without effect, and it is also true the record does not show the appointment in question. The meaning of the section above is that where the record shows the return of the indictment in open court, and arraignment of the accused before the courts, a plea of not guilty, a trial, and a conviction upon the merits, no question having been made thereon in the court below, it will be conclusively presumed in this court, in the absence of anything to the contrary, that the appointment was regularly made, and there is nothing violent or unreasonable in this presumption, since it is scarcely possible that such a proceeding would have been permitted by the court below, and submitted to without question by the defendant, if the appointment had not been regularly made.

The statute above set forth expressly forbids our reversing or arresting the judgment on this ground, and as we do not see that any constitutional provision is violated, we must be governed by it.

Let the judgment be affirmed.